UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE WIEDEMANN                                   CIVIL ACTION

VERSUS                                               NO. 06-4723

HARLEYSVILLE MUTUAL INSURANCE                        SECTION: "C"
AND FEDERAL EMERGENCY
MANAGEMENT AGENCY, FLOOD
INSURANCE PROGRAM

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by the Federal Emergency Management Agency ("FEMA") (Rec. Doc. 10). Plaintiff, Lawrence Wiedemann ("Wiedemann") has not filed an opposition. The motion is before the court on the briefs, without oral argument. Having considered the memorandum of counsel, the record and the applicable law, the Court finds that FEMA's Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Wiedemann filed this complaint seeking damages under his Standard Flood Insurance Policy ("SFIP"). He purchased the policy through Harleysville Mutual Insurance Company ("Harleysville"), a Write-Your-Own ("WYO") insurance company participating in the National Flood Insurance Program ("NFIP"). Wiedemann later filed a claim with Harleysville, that was adjusted and settled by Harleysville. FEMA did not issue the SFIP or adjust plaintiff's claim.

**II. ANALYSIS**

When considering a motion to dismiss under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-285 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes,* 987 F.2d at 284).

Congress established the NFIP by enacting the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et. seq.* Under the NFIP, the director of FEMA, can use private insurance companies, i.e. WYO companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006). Pursuant to the NFIP, Congress provided a limited waiver of sovereign immunity. This sovereign immunity only applies when FEMA denies claims submitted to it pursuant to a federally-issued SFIP under 42 U.S.C. § 4071. *Gumpert v. Allstate Insurance Company*, 1997 WL 538003 (E.D.La.).

Here, Wiedemann purchased the SFIP from Harleysville, a private insurer and member of the WYO program. The policy was not obtained from FEMA and FEMA did not adjust or deny any claim made on the policy. As a WYO insurer, Harleysville is authorized to issue flood

insurance policies and is directly responsible for the adjustment, settlement, payment and defense of all calims arising under the policy. See, *Id.*, (citing, 44 C.F.R. § 62.23(d)). Harleysville is not an agent of the Government and is solely responsible for its obligations to its insured under the policy pursuant to 44 C.F.R. § 62.23(g). See, *Id.* Accordingly, FEMA is not a proper party to this action.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that FEMA's Motion to Dismiss is hereby **GRANTED**.

New Orleans, Louisiana this 28th day of November, 2006.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE